

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50053 | **DATE** | 5/20/2002 |
| **CASE TITLE** | U.S.A. vs. DAVULURI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Davuluri's section 2255 motion is denied and his motion for discovery is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | MAY 21 2002 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 5-20-02 |
| | | 02 MAY 20 PM 3:36 | date mailed notice |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Surya Prasad L. Davuluri, a federal prisoner in custody pursuant to convictions for violations of 18 U.S.C. §§ 1341, 1343 and 2314 has filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He also has filed a motion requesting discovery in connection with his § 2255 motion. His convictions and sentences were affirmed by the Seventh Circuit in United States v. Davuluri, 239 F.3d 902 (7th Cir. 2001). The government has filed a response as to both of Davuluri's motions.

## Discovery Motion

Discovery by a petitioner in a § 2255 proceeding may be allowed in the discretion of the district court where a petitioner has demonstrated good cause for such discovery. Rules Governing Section 2255 Proceedings, Rule 6(a). Here, Davuluri wishes to submit interrogatories to Fidelity Investments and Merrill Lynch and seeks production of the personnel file of a witness who was a former Merrill Lynch employee. Such discovery could uncover, according to Davuluri, evidence that a witness lied and that Merrill Lynch violated an internal policy. Even if such evidence found in discovery, it would only be in the nature of impeachment and does not raise a constitutional issue which can be addressed in this § 2255 proceeding. The motion for discovery is denied.

## Issues in § 2255 Motion

As to counts I - IV, Davuluri has raised the issue of the sufficiency of the evidence against him at trial pertaining to his intent to defraud and his material misrepresentations to several victims. Separately, as to Count V he contends the conviction was invalid because he did not obtain Dr. Raju's check by fraud and the check was valueless. All these arguments were raised in his direct appeal, decided against Davuluri, and there is no valid basis for this court to reexamine the issue in this proceeding. See Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995).

The other issues raised relate to sentencing. Davuluri claims he was denied due process because the court did not give adequate consideration to his own submission of objections to the Presentence Investigation Report. Not only is the issue waived for the failure to raise it in his direct appeal, but the transcript of the record at sentencing shows the court expressly considered and rejected the additional documents and arguments of Davuluri. Also waived for failure to raise in his direct appeal is the issue presented in his motion that the restitution order under the 1996 Mandatory Victim Restitution Act (Act) violated his rights under the Ex Post Facto clause because the offenses occurred prior to enactment of that Act. In any event, retroactive application of the Act does not violate the Ex Post Facto clause. See United States v. Dawson, 250 F.3d 1048, 1051-52 (7th Cir. 2001). Finally, Davuluri challenges again the enhancement for abuse of position of trust, U.S.S.G. § 3B1.3, an issue raised in his direct appeal and rejected. An alleged guideline error is ordinarily not reviewable in a § 2255 proceeding, see United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001), and this court declines to undertake another review.

The § 2255 motion is denied.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

United States of America

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 02 C 50053

Surya Davuluri

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Davuluri's section 2255 motion is denied and his motion for discovery is denied.

FILED-WD
02 MAY 20 PM 3:36
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 5/20/2002

Susan M. Wessman, Deputy Clerk